FILED

2022 Sep-30  PM 05:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| **SHIRLEY JOHNSON,** | ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | |
| **CLAYTON PROPERTIES** | ) | **CASE NO.** _____ |
| **GROUP, INC. d/b/a GOODALL** | ) | |
| **HOMES,** | ) ) | |
| **Defendant.** | ) ) | |

**NOTICE OF REMOVAL**

Defendant Clayton Properties Group, Inc. d/b/a Goodall Homes ("Goodall"),

by and through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and

1446(b)(1), hereby files this Notice of Removal, removing Case No. 44-CV-2022-

900173.00 from the Circuit Court of Limestone County, Alabama to the United

States District Court for the Northern District of Alabama, Northeastern Division.

This action is removable pursuant to 28 U.S.C. § 1332 in that there is complete

diversity of citizenship between Plaintiff Shirley Johnson ("Plaintiff") and Goodall

and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest

and costs. In support of its Notice of Removal, Goodall states as follows:

**PROCEDURAL BACKGROUND**

1.      On or about August 29, 2022, Plaintiff filed the "Complaint" in the

Circuit Court of Limestone County, Alabama, in the civil action styled *Shirley*

1

*Johnson v. Goodall Homes*, Case No. 44-CV-2022-900173.00. True and correct copies of all process, pleadings, and orders served upon Goodall are attached hereto as **Exhibit A.**

2.      Plaintiff's Complaint asserts a claim for indirect trespass against Goodall relating to flooding on her property at 16380 Jones Road, Athens, Alabama 35613 (the "Property").

3.      Plaintiff served Goodall with the Summons and Complaint on September 1, 2022. Therefore this Notice of Removal has been timely filed pursuant to 28 U.S.C. § 1446(b)(1).

## DIVERSITY OF CITIZENSHIP

4.      Plaintiff is a citizen of Limestone County, Alabama. (Compl., ¶ 1).

5.      Goodall is, and all times relevant to the Complaint was, a corporation organized and existing under the laws of the State of Tennessee with its principal place of business in Gallatin, Tennessee. (*See* **Exhibit B**, Declaration of Keith Porterfield, ¶ 4) ("Porterfield Decl."). Goodall is not now, and was not at the time of the filing of the Complaint, a citizen or resident of the State of Alabama within the meaning of the Acts of Congress relating to the removal of cases.

6.      Based on the face of the Complaint, there is complete diversity of citizenship between Plaintiff and Goodall.

## AMOUNT IN CONTROVERSY

7.      In addition to establishing diversity of citizenship amongst the parties, the removing party must also prove that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . . ." *See* 28 U.S.C. 1332(a)(1). The amount in controversy requirement includes all possible damages recoverable, including punitive damages. *Tucker v. Northbrook Indem. Co.*, 2013 WL 5961095, at *1 (N.D. Ala. Nov. 7, 2013).

8.      Where, as here, a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a ***preponderance of the evidence*** that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Roe v. Michelin N. Am., Inc.*, 613 F. 3d 1058, 1061 (11th Cir. 2010) (emphasis added) (quoting *Tapscott v. MS Dealer Service Corp.*, 77 F. 3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F. 3d 1069 (11th Cir. 2000)). To ascertain the amount in controversy, a court should consider the notice of removal and all other evidence presented by the defendant, which can include both documents received from the plaintiff and the defendant's own evidence. *See id.* at 1061; *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755-56 (11th Cir. 2010). The Eleventh Circuit has made it clear that:

> Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable. Put simply, a district court need not 'suspend reality or shelve common sense in determining whether

> the face of a complaint . . . establishes the jurisdictional
> amount.' Instead, courts may use their judicial experience
> and common sense in determining whether the case stated
> in a complaint meets federal jurisdictional requirements.

*Id.* at 1061-62 (11th Cir. 2010) (internal citations omitted); *see also Bush v. Winn Dixie Montgomery, LLC*, 132 F. Supp. 3d 1317, 1321 (N.D. Ala. 2015) ("[A] plaintiff like Bush, who claims to have sustained a very substantial personal injury at the hands of a defendant and who charges that defendant with wantonness and who seeks to recover for pain, suffering, and mental anguish, and seeks punitive damages, is realistically hoping to recover more than $75,000.").

9.     In addition, as held in two published Northern District of Alabama opinions, a plaintiff:

> [W]ho want to pursue claims against diverse parties in a
> state court seeking unspecified damages of various kinds,
> such as punitive damages and emotional distress, must in
> their complaint formally and expressly disclaim any
> entitlement to more than $74,999.99, and categorically
> state that plaintiff will never accept more. Otherwise, a
> plaintiff will find herself in a federal court . . . .

*Smith v. State Farm Fire and Cas. Co.*, 868 F. Supp. 2d 1333, 1335 (N.D. Ala. 2012); *see also Bush*, 132 F. Supp. 3d at 1319-21. Otherwise, a plaintiff could defeat federal jurisdiction by drafting pleadings in a way that does not specify an approximate value of the claims, making it difficult to remove any case against plaintiff's wishes that involves punitive damages. *Roe*, 613 F.3d at 1064. Further, forcing a defendant to wait until discovery in the state court to elicit definitive evidence from the plaintiff

that the claim exceeds $75,000 would expose any attempt at subsequent removal to the argument that such removal was untimely. *Smith*, 868 F. Supp. 2d at 1334-35. "Both policy and precedent counsel against rewarding such obfuscating tactics." *Roe*, 613 F.3d at 1064; *see also Bush*, 132 F. Supp. 3d at 1321 (noting "considerable waste of judicial resources" if a case were to be remanded only to be removed again after the plaintiff confessed to seeking more than $75,000).

10.    In this case, the nature of Plaintiff's injuries demonstrates by a preponderance of the evidence that the amount in controversy put forth in Plaintiff's Complaint exceeds $75,000.00.

11.    Goodall is a homebuilder that constructed a number of single-family homes in the Ricketts Farm subdivision. (*See* Porterfield Decl., ¶ 5). This subdivision borders Plaintiff's Property to the north and east. (*See* Compl., ¶ 4). Plaintiff alleges in her Complaint that Goodall caused flooding on her Property by (1) raising the elevation of Goodall's property, (2) decreasing the permeability of Goodall's property, and (3) implementing a drainage plan that sends water across Plaintiff's property. (*Id.*, ¶ 5). Goodall denies the allegations in the Complaint. Nonetheless, in evaluating whether diversity jurisdiction exists for the purposes of removal, the Court need only look to what amount is "in controversy" as a result of Plaintiff's allegations. *See* 28 U.S.C. § 1332.

12.     The Complaint describes the flooding allegedly caused by Goodall as "repeated" and "recurring". (Compl., ¶¶ 6, 11). Plaintiff alleges she "continues to experience a pattern of increased flooding . . . ." (*Id.*, ¶ 6). Goodall disputes Plaintiff's allegations and that Goodall caused any damages to Plaintiff. However, for purposes of determining the amount in controversy, Goodall represents that significant time and money could be required to remediate the ongoing flooding, as alleged in the Complaint, on Plaintiff's Property. Such remediation could include a survey, civil engineering services, grading, and installation of storm pipes throughout the subdivision, as well as the installation of erosion control/sodding for any areas impacted by remediation efforts. (*See* **Exhibit C**, Declaration of Kevin Atwood). Common sense and reasonable deductions make it facially apparent that Plaintiff's Complaint seeks damages in excess of $75,000.

13.     The Complaint also alleges that in "repeated inundations the residence and outbuildings [on the Property] were breached by several inches of red dirt water." (Compl., ¶ 6). As a result, Plaintiff alleges that she incurred "substantial damage" to "every improvement and structure on the Plaintiff's property", and that she has had to pay for the repair and maintenance of flood damaged property, including replacing floors and cleaning up after floods. (Compl., ¶¶ 7, 11). Further, because Plaintiff has alleged that the flooding is recurring, this Court can reasonably

infer from Plaintiff's Complaint that additional repairs will be required in perpetuity until the alleged flooding is remediated.

14.     According to the Limestone County Revenue Commissioner, the Plaintiff's Property had an appraised value of $105,800 for tax year 2022. (*See* Exhibit 1 to **Exhibit D**, Declaration of Stewart J. Alvis). The Plaintiff alleges that the "recurring flooding substantially diminishes the value of Plaintiff's property." (Compl., ¶ 11). Although Plaintiff does not define what she means by "substantially", it is reasonable to conclude that Plaintiff's Complaint alleges a reduction in value of at least 50-75%. *See Levenson v. U.S.*, 157 F. Supp. 244, 250-51 (N.D. Ala. 1957) ("Giving to the word 'substantial' its ordinarily accepted meaning it is inconceivable to this court that the realization of more than 50% of the net income from the property should not be regarded as substantial."); *In re Raburn*, 4. B.R. 624, 625 (Bankr. N.D. Ga. 1980) (noting that in the Bankruptcy code, Congress has defined "'substantial' as 70 percent or more of allowed unsecured claims."); *Humana, Inc. v. Cushing*, 2020 WL 5100061, at *4 (S.D. Fla. July 30, 2020) ("By its plain meaning, the word connotes a much higher standard than simply a showing of likelihood of prevailing at trial. And that means it must be greater than the preponderance-of-the-evidence standard, or, in other words, more than fifty percent. In fact, as written, it plainly means *substantially* more than fifty percent."); *Substantial*, *Merriam-Webster.com Dictionary*, *available at*

https://www.merriam-webster.com/dictionary/substantial        ("Considerable    in

quantity: significantly great") (accessed Sept. 25, 2022). Thus, this alleged damage

by itself nearly satisfies the jurisdictional amount.

15.    Plaintiff also seeks an unspecified amount of punitive damages, which

must be included in the determination of the amount in controversy. (*See* Compl., ¶¶

10, 11, & Prayer for Relief). The Eleventh Circuit has held that "when determining

the jurisdictional amount in diversity cases, punitive damages must be considered."

*Holley Equip Co. v. Credit Alliance Corp.*, 821 F. 2d 1531, 1535 (11th Cir. 1987)

(internal citations omitted); *see also Bell v. Preferred Life Assurance Soc'y*, 320 U.S.

238, 240 (1943) (claims for compensatory and punitive damages should be

aggregated to determine amount in controversy); *Blackwell v. Great American*

*Financial Resources, Inc.*, 620 F. Supp. 2d 1289, 1290 (N.D. Ala. 2009) ("[I]n

determining the jurisdictional amount in controversy in diversity cases, punitive

damages must be considered…") (internal citations omitted). The Alabama Supreme

Court has found constitutionally acceptable ratios of punitive damages ranging from

1:1 to 121:1. *Tucker*, 2013 WL 5961095, at *1 (citing *Employees' Benefit Ass'n v.*

*Grissett,* 732 So. 2d 968, 979 (Ala.1998)). Plaintiff clearly seeks more than nominal

damages, and the application of punitive damages to the compensatory damages

sought by Plaintiff more likely than not exceeds the $75,000 threshold.

16.     Finally, Plaintiff's initial settlement demand in this case exceeded $75,000.

17.     Using common sense and experience, the face of Plaintiff's Complaint and the nature of her alleged injuries clearly demonstrate by a preponderance of the evidence that the amount in controversy exceeds $75,000.

## THE OTHER REMOVAL CONSIDERATIONS HAVE BEEN SATISFIED

18.     Because this Notice of Removal was filed within thirty days of service of the Complaint upon Goodall, it is timely under 28 U.S.C. § 1446(b).

19.     Goodall has sought no similar relief with respect to this matter.

20.     The prerequisites for removal under 28 U.S.C. § 1441 have been met.

21.     Written notice of the filing of this Notice of Removal will be given to the adverse party as required by law.

22.     A Notice of Filing Notice of Removal, with a copy of this Notice of Removal attached, will promptly be filed with the Circuit Clerk for the Circuit Court of Limestone County, Alabama.

23.     The allegations of this Notice are true and correct and this cause is within the jurisdiction of the United States District Court for the Northern District of Alabama, Northeastern Division, and this cause is removable to the United States District Court for the Northern District of Alabama, Northeastern Division.

24.     If any question arises as to the propriety of the removal of this action,
Goodall requests the opportunity to submit a brief and present oral argument in
support of its position that this case was properly removed. *Sierminski v. Transouth
Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000).

<u>**CONCLUSION**</u>

For the foregoing reasons, Goodall respectfully gives notice that this action
has been removed from the Circuit Court of Limestone County, Alabama  to the
United States District Court for the Northern District of Alabama, Northeastern
Division, being the district and division for the county in which this action is
pending, and requests that this action proceed as properly removed to this Court.

Respectfully submitted September 30, 2022.

*/s/ Stewart James Alvis*
Stewart James Alvis
*One of the Attorneys for Defendant Clayton
Properties Group, Inc. d/b/a Goodall Homes*

<u>**OF COUNSEL**</u>
Walter Dodgen, Esq. (DOD016)
Maynard, Cooper & Gale, P.C.
655 Gallatin Street SW
Huntsville, AL 35801
Telephone: (256) 551-0171
tdodgen@maynardcooper.com

Stewart James Alvis, Esq. (ALV012)
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North, Suite 1700

Birmingham, Alabama 35203
Telephone: (205) 254-1000
salvis@maynardcooper.com

*Attorneys for Defendant Clayton Properties Group, Inc.*
*d/b/a Goodall Homes*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served upon the following either via the CM/ECF system which will send electronic notification to counsel, or via U.S. Mail, postage pre-paid, on September 30, 2022:

Daniel Thomas
1314 32nd Street South
Birmingham, AL 35205
(205) 937-3119
DANIELHUBERTTHOMAS@GMAIL.COM
*Attorney for Plaintiff*


*/s/ Stewart James Alvis*
**OF COUNSEL**